UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Philander Jenkins,

                       Plaintiff,

                                                    Civ. No. 06-3625 (RHK/AJB)
                                                    **ORDER**

v.

County of Hennepin, Minnesota, *et al.*,

                       Defendants.

      This matter is before the Court *sua sponte*.  There are two groups of defendants in this case:  the "County Defendants" (namely, Hennepin County, Deputy Trent Jovanovich, Deputy Michael Cuscaden, and Sergeant Tim Bush) and the "State Defendants" (Minnesota Bureau of Criminal Apprehension Special Agents Brian Blanch and Eric Knutson).  Both sets of Defendants have moved to dismiss (in whole or in part) the claims in Plaintiff's Third Amended Complaint.

      In <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 127 S. Ct. 1955 (2007), the Supreme Court recently changed the legal landscape for evaluating motions to dismiss.  There, the Court abrogated the well-known rule – established in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) – that motions to dismiss may be granted only if a plaintiff can prove "no set of facts . . . which would entitle him to relief."  Now, a plaintiff can survive a motion to dismiss only if he has pleaded facts with enough specificity "to raise a right to relief above the speculative level."  <u>Twombly</u>, 127 S. Ct. at 1965 (citations omitted).  A complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of

undisclosed facts' to support recovery." Id. at 1968 (citation omitted).  Rather, the facts set forth in the complaint must be sufficient to "nudge the[] claims across the line from conceivable to plausible." Id. at 1974.

In their Motions, both sets of Defendants have called into question whether the facts set forth in the Third Amended Complaint are sufficient to survive a motion to dismiss. (See, e.g., County Def. Mem. at 13 (asserting that Plaintiff's allegations are "based on sheer speculation"); State Def. Mem. at 9 (asserting that no nexus exists between facts asserted against State Defendants and Plaintiff's First Amendment/malicious prosecution claim).) No party, however, has addressed the impact of Twombly on Plaintiff's claims.[1]  Moreover, the Third Amended Complaint is convoluted; the precise nature of Plaintiff's claims – and, more importantly, how the alleged facts tie into those claims – is unclear.[2]

For these reasons, the Court believes that the parties should submit memoranda addressing the impact of Twombly on the pending Motions to Dismiss.  In particular, Plaintiff should explain *which* facts in his Third Amended Complaint support each of his claims, and he should also explain (in greater detail than provided in the Third Amended

---

[1] The County Defendants cite Twombly in their Memorandum, but nowhere discuss how Twombly affects the Court's review of their Motion.

[2] By way of example, Plaintiff includes the following allegation in paragraph 42 of his Third Amended Complaint: "due process/equal protection/first amendment chilling and/or retaliation (constitutional tort of 'malicious prosecution' – misuse of Heck v. Humphrey . . . )," and follows that "claim" with various summarized "facts" allegedly supporting it.  Yet, it is unclear if Plaintiff is actually asserting one claim – namely, a malicious-prosecution claim based on several alleged constitutional violations – or, rather, several independent claims based on each purported constitutional violation.  This is precisely the type of allegation that "is so vague or ambiguous that a party cannot reasonably be required to frame a respons[e]." Fed. R. Civ. P. 12(e).

Complaint) the precise nature of those claims and the legal and factual basis for relief in each. Similarly, Defendants should explain how Twombly affects this Court's review of their pending Motions and how the facts alleged in the Third Amended Complaint are insufficient (if at all) to render Plaintiff's claims "plausible" rather than merely "conceivable."

Accordingly, **IT IS ORDERED** that the parties shall serve and file memoranda addressing the aforementioned issues on the following schedule:

- opening memoranda – one each from Plaintiff, the County Defendants, and the State Defendants – not to exceed ten (10) pages, on or before July 13, 2007;

- responsive memoranda – one each from Plaintiff, the County Defendants, and the State Defendants – not to exceed five (5) pages, on or before July 20, 2007; and

- there will be no reply memoranda.

The hearing on Defendants' Motions, currently scheduled for July 24, 2007, is

**CANCELED** and will be rescheduled following the submission of these memoranda.

Dated: July  3 , 2007

                                                s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge