## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Philander Jenkins,

                        Plaintiff,

                                        Civ. No. 06-3625 (RHK/AJB)
                                        **ORDER**

v.

County of Hennepin, Minnesota, *et al.,*

                        Defendants.

      This matter is before the Court pursuant to Plaintiff's letter request (attached) to file a Motion for Reconsideration or, in the alternative, for leave to amend. For the reasons that follow, the Court will deny the request.

      This is a Section-1983 action in which Plaintiff alleges he was sexually assaulted by two jailers at the Hennepin County Adult Detention Center. After Plaintiff complained about the alleged assault, the Minnesota Bureau of Criminal Apprehension ("BCA") conducted an investigation. Two BCA agents collected physical evidence, including hair samples, and presented the results of their investigation to the Washington County Attorney, who declined to prosecute the alleged assailants. The BCA, however, recommended that Plaintiff be charged with submitting a false police report, because the investigation purportedly revealed that Plaintiff had fabricated the assault. Plaintiff was so charged on March 29, 2004, and stood trial over three weeks that summer. Although Plaintiff claims that the BCA destroyed exculpatory hair evidence leading up to the trial

and committed other misconduct,[1] he was ultimately acquitted.

Plaintiff then commenced the instant action against Hennepin County, the jailers who purportedly committed the assault, and the BCA agents who conducted the investigation, alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, as well as various tort claims under state law. In response to Motions to Dismiss filed by Defendants, Plaintiff has amended his Complaint three times. Defendants moved to dismiss the Third Amended Complaint in mid-2007, arguing *inter alia* that Plaintiff had failed to adequately allege any constitutional violations. Of particular relevance here, Defendants argued that Plaintiff had failed to plead a viable constitutional claim regarding the alleged destruction of the exculpatory hair evidence. By Order dated August 3, 2007 (Doc. No. 122), the Court granted in part and denied in part Defendants' Motions and largely dismissed Plaintiffs' claims; the only claim remaining pending is Plaintiff's constitutional claim against the jailers for allegedly committing the assault.

Plaintiff now seeks leave to file a Motion for Reconsideration of the Court's August 3, 2007 Order or, in the alternative, to amend his Third Amended Complaint. According to Plaintiff, he received a forensic report in December 2008 indicating that a simple analysis under a microscope was sufficient to show that the hair in question did not belong to him. Although it is not clear precisely what Plaintiff would have this Court reconsider – or, alternatively, how he would like to amend his Third Amended Complaint

---

[1] The hair was destroyed in order to perform DNA analysis "to rule out [Plaintiff] as a source of the questioned hair." (Pl. 3/13/09 Letter at 2.)

– Plaintiff appears to suggest that this "newly discovered" evidence corroborates his (dismissed) claim against the BCA agents, because it shows that the hair in question was "unnecessarily" destroyed.

Plaintiff's instant request, however, ignores *why* the Court previously dismissed his constitutional claims against the BCA agents:

> It is true that the [destruction of] evidence . . . may constitute a due-process violation when the evidence "is material either to guilt or innocence." [Brady v. Maryland, 373 U.S. 83, 87 (1963).] Evidence is material for Brady purposes, however, "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985). Stated differently, a Brady violation requires a nondisclosure "so serious that there is a reasonable probability that the . . . evidence would have" changed the outcome of the criminal trial. Strickler v. Greene, 527 U.S. 263, 281 (1999).
>     Here, there cannot have been a Brady violation *ipso facto*, because Jenkins was acquitted of the charge against him. In other words, the result of the criminal case would not (and could not) have been different had the allegedly exculpatory evidence [not been destroyed].

Jenkins v. County of Hennepin, Minn., Civ. No. 06-3625, 2007 WL 2287840, at *7 (D. Minn. Aug. 3, 2007). Plaintiff's "newly discovered" evidence in no way changes this result. Regardless whether the hair should (or should not) have been destroyed, Plaintiff cannot state a constitutional claim based on the destruction of the hair because he was acquitted of the criminal charge against him. See, e.g., Morgan v. Gertz, 166 F.3d 1307, 1310 (10th Cir. 1999) (affirming dismissal of Section-1983 claim based on destruction of exculpatory evidence where defendant was acquitted in underlying criminal case); Lopez v. City of Chicago, No. 06 C 6252, 2007 WL 3171332, at *3-4 (N.D. Ill. Oct. 24, 2007). And, to the extent Plaintiff seeks to allege a conspiracy between the Defendants to

3

destroy the hair evidence, such a claim necessarily fails – absent a viable constitutional claim, a conspiracy claim cannot lie.  E.g., Cook v. Tadros, 312 F.3d 386, 388 (8th Cir. 2002) ("In the absence of a violation, there is no actionable conspiracy claim.").

Finally, Plaintiff also argues that the Court should reconsider its dismissal Order because it improperly "held [Plaintiff] to a summary judgment standard" when ruling on the Motions to Dismiss.  (Pl. 3/12/09 Letter at 2.)  This argument is egregiously untimely.  A motion for reconsideration is the "functional equivalent" of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).  COMSAT Corp. v. St. Paul Fire & Marine Ins. Co., 246 F.3d 1101, 1105 (8th Cir. 2001) (citation omitted).  Such motions must be filed within 10 days after entry of the challenged order (or, in the case of a judgment, within 10 days of the entry of judgment).  Fed. R. Civ. P. 59(e).  Here, Plaintiff could have raised this argument more than *eighteen months ago*, when the Court ruled on the Motions to Dismiss.  Plaintiff offers no explanation for his dilatoriness, and the Court perceives none.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff's request to file a Motion for Reconsideration or, in the alternative, for leave to amend is **DENIED** in its entirety.

Dated: March 16, 2009                                                 s/Richard H. Kyle
                                                                          RICHARD H. KYLE
                                                                          United States District Judge